IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-235-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WENDELL ROUSE, JR., ) | |
| ) | |
| Defendant. ) | |

On September 7, 2021, Wendell Rouse, Jr. ("Rouse" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 74]. That same day, the court appointed counsel for Rouse pursuant to standing order 19-SO-3 [D.E. 75]. On November 26, 2021, Rouse, through counsel, filed a supplemental motion for compassionate release [D.E. 80]. On December 10, 2021, the government responded in opposition [D.E. 81]. On June 2, 2022, the case was reassigned to the undersigned. As explained below, the court denies Rouse's motions.

I.

On January 29, 2018, pursuant to a written plea agreement, Rouse pleaded guilty to being a felon in possession of ammunition. See [D.E. 26, 27, 49]. On May 2, 2018, the court held Rouse's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 37]; Sent. Tr. [D.E. 50] 28; PSR [D.E. 33]. The court overruled Rouse's objection to the attempted murder cross reference under U.S.S.G. § 2A2.1(a)(2) and calculated Rouse's total offense level to be 28, his criminal history category to be III, and his

advisory guideline range to be 97 to 120 months' imprisonment. See PSR ¶ 60; Sent. Tr. at 25–29. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rouse to 97 months' imprisonment. See [D.E. 40] 2; Sent. Tr. at 28–40. Rouse appealed. See [D.E. 42]. On April 30, 2019, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Rouse's plea agreement and dismissed Rouse's challenge to his sentence. See United States v. Rouse, 770 F. App'x 52 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 56, 57, 58].

On June 15, 2020, Rouse, through counsel, moved to vacate his sentence under 28 U.S.C. § 2255 on the ground that his 18 U.S.C. § 922(g)(1) conviction violates Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 63]. On August 5, 2021, the government moved to dismiss Rouse's section 2255 motion and filed a memorandum in support. See [D.E. 71, 72]. On August 12, 2021, Rouse withdrew his section 2255 motion. See [D.E. 73].

On September 7, 2021, Rouse moved pro se for compassionate release. See [D.E. 74]. On November 26, 2021, Rouse, through counsel, filed a supplemental motion. See [D.E. 80]. The government opposes the motion. See [D.E. 81].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271,

2

275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3;

3

McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Rouse applied to his warden for compassionate release on June 23, 2021, and received a denial on July 19, 2021. See [D.E. 74-1] 2–3. The government has invoked section 3582(c)(1)(A)'s exhaustion requirement. See [D.E. 81] 10. Nonetheless, the court assumes that Rouse met the exhaustion requirement and addresses Rouse's motion on the merits. See Muhammad, 16 F.4th at 130.

Rouse seeks compassionate release pursuant to section 3582(c)(1)(A). In his initial motion, he cites the BOP lockdowns during the COVID-19 pandemic, his desire to care for his children and ill mother, his rehabilitative efforts, his supportive family and friends, his claim that his section 922(g)(1) conviction violates Rehaif, and his claim that assault with intent to commit murder and

4

attempted murder are attempt crimes and thus cannot be substantive offenses under U.S.S.G. §§ 2K2.1 and 2X1.1. See [D.E. 74, 74-1]. In his supplemental motion, Rouse cites his rehabilitative efforts, his release plan, his time served, and his desire to care for his children and ill mother. See [D.E. 80].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Rouse is 37 years old and does not allege that he has any medical conditions that put him at heightened risk of serious infection or death from COVID-19. See [D.E. 74, 80]. The wide availability of COVID-19 vaccines greatly diminishes the risk to Rouse from COVID-19 whether he is in prison or not. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes

5

it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"). If Rouse has not been vaccinated, the availability of COVID-19 vaccines allows Rouse to reduce his risk should he so choose. See United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Broadfield, 5 F.4th at 803. Therefore, reducing Rouse's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "family circumstances" policy statement, it does not apply to a desire to care for parents, adult children, or minor children when another caregiver is available. See U.S.S.G. § 1B1.13 cmt. n.1. Before Rouse was federally incarcerated, he lived with his significant other, his biological minor child, and his significant other's two minor children from a previous relationship. See PSR ¶ 28.[1] He is not married and has no legal obligation to care for his significant other's minor children. See id. Rouse does not allege that his significant other is unable to care for his biological minor child. See [D.E. 74, 80]. Nonetheless, the court considers Rouse's desire to care for his biological minor child and ill mother under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, Rouse's claim that his section 922(g)(1)

---

[1] In Rouse's supplemental motion, he states that his significant other has four other children. See [D.E. 80] 3. However, the PSR states that Rouse's significant other has two children. See PSR ¶ 28.

6

Case 5:17-cr-00235-D   Document 82   Filed 10/11/22   Page 6 of 10

conviction violates Rehaif is not an extraordinary and compelling reason warranting compassionate release. Rouse procedurally defaulted his Rehaif claim by failing to raise it on direct appeal. The general rule of procedural default bars Rouse from presenting his claim under section 3582(c)(1)(A). See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Rouse has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error of which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Additionally, the claim fails on the merits. See Greer v. United States, 141 S. Ct. 2090, 2095–99 (2021); cf. PSR ¶ 16.

Rouse's claim that attempt crimes such as assault with intent to commit murder and attempted murder cannot be substantive offenses under U.S.S.G. §§ 2K2.1(c)(1) and 2X1.1 is not an extraordinary and compelling reason warranting compassionate release. At sentencing, the court overruled Rouse's objection to the cross reference to section 2A2.1(a)(2) under sections 2K2.1(c)(1) and 2X1.1. See Sent. Tr. at 16–28. Moreover, this claim attacks the validity of Rouse's sentence that he should have brought on direct appeal or under 28 U.S.C. § 2255. See United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020) ("[T]he very purpose of [section] 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is *not* a specific statute that already affords relief...."); United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam) (unpublished) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); United States v. Shull, No. 1:04-cr-18, 2022 WL

7

179141, at *3 (W.D.N.C. Jan. 19, 2022) (unpublished); United States v. Ferguson, No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (unpublished) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review."). Rouse did not raise this argument on his direct appeal. See [D.E. 56, 57, 58]. Rouse also did not raise it in his section 2255 motion, which he filed on June 15, 2020, and withdrew on August 12, 2021. See [D.E. 63, 73]; 28 U.S.C. § 2255(h).

Under the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Rouse's rehabilitative efforts, his release plan, his time served, his supportive family and friends, and his desire to care for his biological minor child and ill mother are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Rouse's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Rouse is 37 years old and is incarcerated for being a felon in possession of ammunition. See PSR ¶¶ 1–4, 7–10. On June 20, 2017, Rouse fired seven shots at a family's house while the victim, his three minor children, and his fiancée were inside. See id. ¶ 7; Sent. Tr. at 11–12. The victim was shot in the abdomen while inside the house and required surgery. See PSR ¶¶ 7, 12. Rouse shot out the screen door of the house, and there were three bullet holes in the side of the house. See id. ¶ 7. A bullet entered the children's bedroom. See id. Later that night, Rouse returned to the scene of the

8

shooting, and officers recovered a .380 handgun from his waistband. See id. ¶ 8. The victim's children have suffered from post-traumatic stress disorder since the shooting. See id. ¶ 12; Sent. Tr. at 13. Rouse's criminal history began in 2002 and includes repeated violent offenses. See PSR ¶¶ 15–18. Rouse has felony convictions for attempted robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and possession of marijuana. See id. ¶¶ 16, 18. Rouse has misdemeanor convictions for simple assault (two counts). See id. ¶¶ 15, 17. Rouse has performed poorly on supervision, having violated his probation. See id. ¶ 18. While in state custody between 2004 and 2008, Rouse incurred 17 infractions. See id. ¶ 16.

Rouse has a mixed record while federally incarcerated. Rouse is a suicide watch companion for his fellow inmates and has completed over 20 programs on parenting, money management, and other topics. See [D.E. 80] 3, 9. However, in October 2020, Rouse incurred a disciplinary infraction for possessing a non-hazardous tool. See [D.E. 77-2].

The court must balance Rouse's mixed record while federally incarcerated, his serious and violent criminal conduct, his serious and violent criminal history, his poor performance on probation and in state custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered the BOP lockdowns during the COVID-19 pandemic, Rouse's potential exposure to COVID-19, his rehabilitative efforts, his release plan, his time served, his supportive family and friends, and his desire to care for his biological minor child and ill mother. Rouse has a release plan that includes living in Virginia with his mother, his biological minor child, his significant other, and his significant other's children and working at Food Lion or Huddle House. See [D.E. 80] 3, 10. The court recognizes Rouse has a supportive family

9

and friends. See [D.E. 74-1] 11–15. Having considered the entire record, the extensive steps that BOP has taken to address COVID-19, the section 3553(a) factors, Rouse's arguments, the government's persuasive response, the need to punish Rouse for his serious criminal behavior, to incapacitate Rouse, to promote respect for the law, to deter others, and to protect society, the court denies Rouse's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 74] and DENIES defendant's supplemental motion for compassionate release [D.E. 80].

SO ORDERED. This 10 day of October, 2022.

JAMES C. DEVER III
United States District Judge